IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                  CRIMINAL ACTION NO. 1:06cr3-2

TARA TOLL,

         Defendant.

## **ORDER/OPINION**

On the 17th day of March, 2006, came the United States of America by David E. Godwin, Assistant United States Attorney, and also came the defendant, Tara Toll, in person, and by her counsel, David W. Frame, for hearing on the Petition for Action on Conditions of Pretrial Release alleging that Toll violated her Conditions of Release.

### I. Procedural History

On January 12, 2006, Defendant was released on conditions set by Order. On March 2, 2006, pre-trial services officer Mark E. McKee filed a "Petition for Action on Conditions of Pretrial Release" alleging Defendant violated Condition 1 of her release. By Order dated March 2, 2006, the undersigned directed a summons be issued for Toll to appear before the Court to answer the allegations made against him in the Petition.

Defendant had an Initial Appearance before the Court on March 13, 2006, and a full hearing was held on the Petition for Action on Conditions of Pretrial Release before the undersigned on March 17, 2006.

## II. Contentions

The Petition alleges that Defendant:

1. Violated Condition (1) of the Conditions of Release which requires Defendant the to refrain from committing any offense in violation of federal, state or local law while on release; and

2. Violated Condition (7)(o) of the Conditions of Release which requires Defendant to refrain from the use of any alcohol.

The grounds for the alleged violations are stated as follows:

On February 16, 2006, the defendant, Tara Toll, was arrested by the Shinnston Police Department and charged in Harrison County Magistrate Court at Case No. 06 M 588 with Driving Under the Influence (DUI) in violation of Chapter 17C, Article 5, Section 2 of the West Virginia Code. On February 17, 2006, the defendant was released from jail after posting a $2,500 bond. At the time of this violation petition, the defendant was in the process of being appointed an attorney and no other hearing had yet been scheduled in Harrison County Magistrate Court.

The Criminal complaint in this matter generally alleges the following:

On February 16, 2006, the defendant's vehicle was stopped for defective equipment. Ms. Toll was sitting in the driver's seat and a strong odor of alcoholic beverage was detected coming from her breath. The defendant denied having anything to drink. Her eyes were glassy and her speech was slightly slurred. She failed sobriety tests and was placed under arrest for DUI at approximately 0015. Subsequently, a breathalizer test administered on the defendant registered a blood alcohol content (BAC) of .0090. . . . .

Relative to the defendant's DUI arrest the defendant's blood alcohol content was allegedly .0090. In discussing the DUI arrest with the defendant over the telephone on February 17, 2006, she admitted to this pretrial services officer that when arrested, she was on her way to her boyfriend's house from her grandfather's residence where she had drunk three (3) beers.

Prior to the taking of evidence, Defendant waived the hearing. From the colloquy between the Court and the defendant, the Court concludes Defendant's decision to waive the hearing was knowingly and voluntarily made.

III. Findings Of Fact

Based on the testimony presented at the hearing held March 17, 2006, and the docket record as the same existed on March 17, 2006, the undersigned makes the following findings of fact:

1) Defendant was placed on conditional release by Order dated January 12, 2006.

2) Mandatory Condition No. 1 of the Order Setting Conditions of Release requires Defendant to refrain from committing any offense in violation of federal, state or local law while on release in this case.

3) Condition No. 7(o) requires Plaintiff to refrain from any of alcohol.

4) Defendant was released from federal custody on January 12, 2006, pursuant to the Order Setting Conditions of Release.

5) Defendant signed an acknowledgment that she was aware of the conditions of her release, was aware of the penalties and sanctions for violations of her conditions of release, and promised to obey her conditions of release.

6) Defendant is Pretrial Services Officer Mark E. McKee's assigned supervisee.

7) Defendant drank beer and was arrested for DUI on February 16, 2006.

**IV. Conclusion**

Upon consideration of all the evidence, the undersigned concludes by a preponderance of the evidence that Defendant violated Mandatory Condition No. 1, and Condition 7(o) of the Order Setting Conditions of Release entered January 12, 2006.

Upon consideration of all which, and for reasons set forth on the record, the Court finds that Defendant does not present a flight risk or danger to the community that cannot be

reasonably addressed by modifying her Conditions of Release.

The Court therefore **ORDERS** that Defendant be released on modified Conditions of Release entered contemporaneously with this order.

DATED: March 17, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE